THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

KLAMATH SISKYOU WILDLANDS
CENTER, et al.,

    Plaintiffs,

    v.

ROB MACWHORTER, et al.,

    Defendants,

WALDO MINING DISTRICT, et al.,

    Defendants-Intervenors.

No. 1:12-cv-1900-PA

**ORDER**

---

**PANNER, Judge:**

    Plaintiffs claim defendants have violated the Endangered Species Act (ESA) by allowing suction dredge placer mining in the Rogue River-Siskyou National Forest without consulting with federal wildlife agencies about possible effects on coho salmon and coho salmon critical habitat.

1 - ORDER

Defendants move to dismiss for lack of subject matter jurisdiction, contending that plaintiffs' notice of intent to file this action violates the ESA's notice requirements. I grant the motion to dismiss.

**STANDARDS**

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). The party asserting subject matter jurisdiction has the burden of establishing it. Id.

**DISCUSSION**

I. The ESA's 60-Day Notice Provision

The ESA provides, "No action may be commenced . . . prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator." 16 U.S.C. § 1540(g)(2)(A)(i). "The purpose of this notice is to give the federal government and any alleged violators an opportunity to comply, and thus render a citizen suit unnecessary." Marbled Murrelet v. Babbitt, 83 F.3d 1068, 1072 (9th Cir. 1996).

The notice requirement is jurisdictional. Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation, 143 F.3d 515,

2 - ORDER

520 (9th Cir. 1998). "A failure to strictly comply with the notice requirement acts as an absolute bar to bringing suit under the ESA." Id. An ESA notice must "provide sufficient information of a violation so that the Secretary or [the alleged violator] could identify and attempt to abate the violation." Id. at 522.

## II. Background

On June 1, 2012, the Ninth Circuit issued a decision addressing suction dredge placer mining in coho salmon habitat. Karuk Tribe of Cal. v. U.S. Forest Serv., 681 F.3d 1006 (9th Cir. 2012) (en banc), cert. denied, 81 U.S.L.W. 3128, 3510, 3512 (U.S. Mar. 18, 2013) (No. 12-289). On June 12, 2012, plaintiffs sent defendants a three-page notice of intent to commence litigation, citing the Karuk Tribe opinion.

Plaintiffs' notice lists dates when the Forest Service allegedly violated the ESA by authorizing suction dredge mining:

> In 2010, 2011, and 2012, the Forest Service received numerous notices of intent from miners seeking to practice suction dredge placer mining operations in rivers, streams, and other waters on the Rogue River-Siskiyou National Forest that provide habitat for ESA-listed coho. On at least May 1, 2012; April 19, 2012; April 13, 2012; April 3, 2012; March 29, 2012; March 6, 2012; March 2, 2012; February 14, 2012; January 30, 2012; January 19, 2012, October 13, 2011; August 23, 2011, August 17, 2011; July 20, 2011; July 1, 2011; June 1, 2011; April 8, 2011; March 25, 2011; March 23, 2011; March 17, 2011; March 15, 2011; March 8, 2011; February 23, 2011; February 3, 2011; January 29, 2011; and January 20, 2011, the Forest Service notified miners that they would not be required to submit a proposed plan of operations for their proposed suction

>dredge mining operations in rivers, streams, and other waters on the Rogue River-Siskiyou National Forest that provide habitat for ESA-listed coho. These suction dredge placer mining operations commenced and continue, and will continue in the foreseeable future.

Mellgren Decl., Ex. A, at 2-3.

On August 8, 2012, defendant MacWhorter, Forest Supervisor, responded to plaintiffs' notice, writing that

>your letter did not provide specific information about which mining operations are of concern, such as the names of miners or mining claims, locations, or dates of mining operations. Your letter only listed the dates of twenty-six letters sent by unidentified Forest Service employees to unidentified recipients. Nevertheless, I have matched thirty letters from District Rangers concerning mining on this Forest to the dates in your letter.

MacWhorter Decl., Ex. B.

Plaintiffs filed this action in October 2012. They filed an amended complaint in December 2012. The amended complaint identifies about thirty notices of intent to mine. Unlike the notice, the amended complaint specifies the claim number, the date of the miner's notice of intent, the location of the claim, and the name of the claim for almost all of the operations. Am. Compl. ¶ 19. At least seven of the violations alleged in the amended complaint are not included in the June 2012 notice. See Defs. Suppl. Br. 11, ECF No. 27.

### III. Discussion

The purpose of the notice requirement is to alert the government and any violator of the alleged violation so the

4 - ORDER

violation can be remedied without litigation.  Here, plaintiffs' notice failed to fulfill that purpose because the notice did not inform the Forest Service of alleged violations plaintiffs now assert in their amended complaint.  The notice only listed dates on which defendants allegedly authorized mining operations in coho habitat, forcing the Forest Service to guess which mining authorizations plaintiffs intended to challenge.  Plaintiffs could have provided sufficient information in the notice, as shown by the specific allegations in the amended complaint.  Plaintiffs' failure to strictly comply with the notice requirement is an absolute bar to this action.  See Oregon Wild v. Connor, No. 6:09-cv-185-AA, 2012 WL 3756327, at *3 (D. Or. Aug. 27, 2012).

Plaintiffs cite two Ninth Circuit decisions[1] that allowed citizen's suits to proceed even though the notices at issue did not identify each aspect of every alleged violation.  These decisions, however, concerned a single violator at one location.  Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy, 305 F.3d 943, 951 (9th Cir. 2002) ("the violations originated from the same source, were of the same nature, and were easily identifiable"); S.F. Baykeeper, Inc. v. Tosco Corp., 309 F.3d

---

[1] Although these decisions interpreted the Clean Water Act notice provision, for purposes of this discussion they are relevant.  Cf. Ctr. for Sierra Nevada Conservation v. U.S. Forest Serv., 832 F. Supp. 2d 1138, 1174 (E.D. Cal. 2011).

5 - ORDER

1153, 1158-59 (9th Cir. 2002). Here, the alleged violations concerned multiple mining operations, each of which must be evaluated separately, scattered across 1.8 million acres of forest land during a two-year period. If plaintiffs' notice here is allowed to pass muster, it would allow "the citizen-plaintiff [to] notify in generalities and plead in specifics, thereby eliminating the purpose underlying the notice requirement." Natural Res. Council of Maine v. Int'l Paper Co., 424 F. Supp. 2d 235, 250 n.18 (D. Me. 2006) (Clean Water Act notice).

Because I conclude that plaintiffs' notice was insufficient, I do not address other issues raised by defendants' motion to dismiss.

## CONCLUSION

Defendants' motion to dismiss (#13) is granted.

DATED this 23 day of April, 2013.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER